(April 21, 1915.)

## CHARLES WILLIAMS, Respondent, v. DAISY E. TURNER, Appellant.

[148 Pac. 477.]

ACTION TO QUIET TITLE—TAX DEED—FINDING OF FACTS—SUFFICIENCY OF EVIDENCE.

    **1.** The evidence *held* sufficient to support the finding of facts.

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action to quiet title to certain land as against a tax deed. Judgment for plaintiff. *Affirmed.*

Cordiner & Cordiner and Daniel Needham, for Appellant.

In order to defeat appellant's tax title to said land, respondent must prove the omission of some jurisdictional act or step in the proceedings on which appellant's tax deed is based. (*Armstrong v. Jarron,* 21 Ida. 747, 125 Pac. 170; Black on Tax Titles, 2d ed., sec. 454; *Wilson v. Locke,* 18 Ida. 582, 111 Pac. 247; *Stewart v. White,* 19 Ida. 60, 112 Pac. 677; *Rollins v. Wright,* 93 Cal. 395, 29 Pac. 58; *Straus v. Foxworth,* 16 N. M. 442, 117 Pac. 831, and authorities cited.)

Since Nez Perce county did not retain its tax certificate or have any interest in any tax certificate, relative to the land in controversy, on or after the first Monday in January, 1910, the provisions of sec. 1755, Rev. Codes, relative to red ink entries to be made by the assessor, never became operative in the case at bar. And the cases of *Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638, and *Griffith v. Anderson,* 22 Ida. 323, 125 Pac. 218, are not in point.

Mere excuses or mistakes are not generally sufficient to relieve the owner from the consequences of failing to exercise his statutory right within the limited time. (37 Cyc. 1418, 1419; *Conklin v. Cullen,* 29 Mont. 38, 74 Pac. 72; *Easton*

*v. Doolittle,* 100 Iowa, 374, 69 N. W. 672; *Menasha Wooden Ware Co. v. Harmon,* 128 Wis. 177, 107 N. W. 299; 2 Cooley on Taxation, 3d ed., 1049; Black on Tax Titles, 2d ed., sec. 362.)

"The inquiry of the officer must, however, be specific, and refer to matters which it is his duty to disclose." (27 Am. & Eng. Ency. of Law, 2d ed., 858; *Edwards v. Upham,* 93 Wis. 455, 67 N. W. 728.)

There is no evidence which tends to show that respondent was in any manner misled by any revenue officer of Nez Perce county, or that any of said officers failed in any manner to perform duties of their respective offices.

Ben F. Tweedy and W. A. Hall, for Respondent.

The failure to make the red ink entries of taxes on the assessment-rolls invalidates a tax sale and tax deed thereon to a private individual, which sale and tax deed are made subsequently to the sale to the county. (*Fix v. Gray,* 26 Ida. 19, 140 Pac. 771; *Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638.)

SULLIVAN, C. J.—This action was brought to quiet title to about 200 acres of land situated in Nez Perce county against a tax deed owned and held by the defendant. The case was tried by the court without a jury and findings of fact and judgment entered quieting the title to said land in the plaintiff. The appeal is from the judgment.

It appears from the record that the plaintiff was the owner of said land and that it was subject to taxation and taxes were duly and regularly levied and assessed thereon for the year 1908 and were not paid, became delinquent and the land was sold at tax sale in 1909 for said delinquent taxes to Nez Perce county; that in pursuance of said sale a tax certificate was issued to the county as purchaser at said tax sale; that said land was assessed in 1909 and the taxes so assessed became delinquent and the land was sold in 1910 at tax sale; that the plaintiff redeemed from the sale of 1909,

but failed to redeem from the sale made in 1910; that the respondent's wife, as his agent and for herself as a member of the community, appeared at the assessor's office in December, 1912, to pay the taxes on said land and then learned of the existence of the delinquent taxes of 1908, and thereupon paid, as she thought, all of the delinquent taxes against said land. It seems she was permitted to redeem from the sale to the county without making payment of the 1909 taxes and penalties thereon, and the court found, among other things, as follows:

"The plaintiff did not know that he had not paid these 1909 delinquent taxes until after the said tax deed was executed to the defendant, Daisy E. Turner, nor did he know of or have notice that he had not, on the 5th day of December, 1912, paid all delinquent taxes assessed against the said real estate at the time he redeemed the said land from the said tax sale to the said county, but believed that he had paid all delinquent taxes. On the 5th day of December, 1912, he paid to the treasurer of Nez Perce county the sum of $24.98 in a redemption of said real estate from the said sale to the said county, that was the amount of delinquent taxes as given to him by the auditor. It was not plaintiff's fault that he then failed to pay the 1909 delinquent taxes assessed against the said real estate, but that he did not pay the said 1909 delinquent taxes, penalties, costs, fees and interest thereon was the fault of the tax officers of Nez Perce county—was the fault of the assessor of said county because of his neglecting to enter the 1909 taxes in red ink, and was also the fault of the auditor of said county in that he authorized redemption from sale to said county, without requiring payment of the 1909 delinquent taxes and everything then due to the defendant, Daisy E. Turner, and was the fault of the officers of Nez Perce county, because they failed to give the plaintiff the amount of delinquent taxes on the said real estate."

The court also found that the plaintiff had paid all taxes assessed against said real estate for the years 1910, 1911 and 1912, and "thought he had paid the said taxes for 1909, and

did not know then that he had not paid them until after the said deed had been executed to the defendant.''

Upon a careful consideration of all the record, we are satisfied that the evidence is sufficient to sustain those findings of the court, and that the judgment of the court must be affirmed, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.